Richard J. Mooney (CA State Bar No. 176486)
*richard.mooney@rimonlaw.com*
RIMON P.C.
One Embarcadero Center #400
San Francisco, CA  94111
Telephone:   (415) 539-0443

Attorneys for Plaintiff David Heller

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Heller,<br><br>                    Plaintiff,<br><br>     v.<br><br>Adobe Systems, Inc.,<br><br>                    Defendant. | CASE NO. _____<br><br>Complaint for Breach of Contract, Quantum Meruit, Intentional Misrepresentation, and Negligent Misrepresentation<br><br>Jury Trial Demanded |

Plaintiff David Heller ("Mr. Heller" or "Plaintiff") alleges for his complaint against Defendant Adobe Systems, Inc. ("Adobe" or "Defendant") as follows:

### The Parties

1. Plaintiff is and at all relevant times has been an individual who is a resident and citizen of Florida.

2. Defendant is and at all relevant times has been a company organized and existing under the laws of Delaware, with its principal place of business in San Jose, California, in this judicial district.

### Jurisdiction, Venue, and Intradistrict assignment

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2), because it is an action between an entity that for purposes of diversity jurisdiction is a citizen of California and Delaware (only) and a person who for purposes of diversity jurisdiction is a citizen of Florida (only), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant, because Defendant purposefully availed itself of the privilege of conducting business in this jurisdiction and invoked the benefits and protections of the law of this jurisdiction; the claims arise out of or relate to Defendant's activities and conduct related to this jurisdiction; and the exercise of personal jurisdiction is reasonable. In particular, Defendant's principal place of business is located in California.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant is a corporation located in this District and because a substantial part of the acts or omissions giving rise to the claim occurred here.

6. **Intradistrict Assignment.** Pursuant to Local Rule 3-2, this action is properly assigned to the San Jose Division.

### Factual Allegations

7. Defendant is a self-described global leader in developing and distributing innovative computer software, providing products and services that offer developers and enterprises

tools for creating, managing, delivering, and engaging with compelling content across multiple operating systems, devices, and media.

8. For many years, Defendant (along with other major software developers) have been damaged by pervasive piracy, including in particular the unauthorized provision of Defendant's software to end users that have not properly licensed the software. As Adobe has noted, software piracy "undermines Adobe's investment and creativity, and misleads and confuses customers." The losses to software developers from piracy has been reliably estimated to exceed $50 billion, and Defendant and other major software developers spend significant amounts of time and money attempting to combat such piracy.

9. In late 2013, through extensive and diligent investigation that he initially began for other unrelated reasons, Plaintiff became aware that Florida residents David Selakovic and Steve Blackburn and related corporate entities (the "Florida Pirates") were in the business of stealing, counterfeiting, and improperly reselling software created by major software companies, including Defendant.

10. Subsequent to the discovery, Plaintiff continued his investigation over the course of dozens of hours and obtained an enormous amount of information previously unknown to the public and Defendant regarding the Florida Pirates' illegal activities, including in particular their piracy and resale of Adobe products (the "Adobe Information"). The Adobe Information included, for example, the actual identities and locations of Mr. Selakovic and Mr. Blackburn (which were previously unknown), the methods by which the illegal activities were undertaken, the actual and nominal third parties involved in the illegal conduct, the purchasers of the illicit Adobe software, the Florida Pirates' warehouse and other storage locations, and additional critical information.

11. After publishing a portion of the Adobe Information in a website blog, Plaintiff was contacted by Christopher Pham, the principal outside counsel for piracy-related issues for Adobe and was asked to meet with representatives of Adobe at the Fontainebleau hotel on Collins Avenue in Miami Beach, Florida. Plaintiff attended the requested meeting in the latter part of 2013.

12. The meeting included several individuals, including Mr. Pham, another attorney from Mr. Pham's firm, Adobe's senior anti-piracy manager Michael Draper, and at least one more person from Adobe. During a meeting, Plaintiff requested that Adobe provide him with physical protection from the Florida Pirates and compensation for the additional valuable information he was prepared to provide Adobe. Mr. Draper left the room to call Adobe and the Department of Homeland Security. Upon his return, Mr. Draper agreed that Adobe would provide the requested protection and compensation to Plaintiff in return for Plaintiff's cooperation and provision of information to Adobe.

13. In response to the promises made at the meeting(s) described above, Plaintiff did in fact provide all of the material Adobe Information that he had to Defendant. He did so at his own time and expense, spending many hours in meetings with, on the phone with, and organizing and sending information to Defendant.

14. Based principally on the Adobe Information provided to Defendant by Plaintiff, Defendant in August 2014 filed a lawsuit in the United States District Court for the Southern District of Florida (the "Lawsuit") alleging copyright, trademark, and other claims against the Florida Pirates. The Lawsuit alleged that the Florida Pirates had successfully made "millions of dollars" of illegal sales.

15. Based principally on the Adobe Information provided to Defendant by Plaintiff, Defendant in the Lawsuit was able to obtain a temporary restraining order, a seizure order, an injunction, and cash settlements believed to amount to millions if not tens of millions of dollars against the Florida Pirates.

16. Notwithstanding Defendant's promise to compensate Plaintiff for the information and services he provided, and notwithstanding Defendant's remarkable success in the Lawsuit because Plaintiff upheld his end of the bargain, Defendant has never provided Plaintiff with any compensation. Indeed, in response to Plaintiff's repeated requests that Defendant comply with its obligations, Defendant has stated that it will never provide that compensation.

**First Cause of Action – Breach of Contract**

17. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

18. The Agreement between Plaintiff and Defendant is a valid and enforceable contract.

19. Plaintiff has fulfilled all of his obligations under the Agreement, other than those (if any) which he was excused from performing.

20. Defendant breached the Agreement, as detailed above.

21. As a consequence of Defendant's breaches of the Agreement, Plaintiff has suffered damages in an amount to be proven at trial, reasonably estimated to be in excess of $75,000.

**Second Cause of Action – Quantum Meruit**

22. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

23. As detailed above, Defendant by its words and/or conduct, requested that Plaintiff perform services and deliver information for the benefit of Defendant.

24. Plaintiff performed those services and delivered that information as requested.

25. Defendant has not paid Plaintiff for the services or information.

26. The services and information had value, in an amount to be proven at trial, reasonably estimated to be in excess of $75,000.

**Third Cause of Action – Intentional Misrepresentation**

27. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

28. As described above, Defendant represented to Plaintiff that it would provide compensation to Plaintiff in exchange for his assistance with the Lawsuit.

29. That representation was false when made, and Defendant knew that the representation was false when made and/or made the representation recklessly and without regard for its truth.

30. Defendant intended that Plaintiff rely upon that representation.

31. Plaintiff reasonably relied upon the representation in providing significant amounts of important information to Defendant in support of Defendant's prosecution of the Lawsuit in the absence of a written agreement and/or the provision of compensation in advance.

32. Defendant's misrepresentation was a substantial factor in causing – indeed, it was the sole cause of – the damages suffered by Plaintiff described above.

33. As a consequence of Defendant's misrepresentation, Plaintiff has suffered damages in an amount to be proven at trial, reasonably estimated to be in excess of $75,000.

34. In acting as detailed herein, Defendant was guilty of oppression, fraud, and/or malice, entitling Plaintiff to exemplary and/or punitive damages pursuant to Cal. Civ. Code § 3294.

**Fourth Cause of Action – Negligent Misrepresentation**

35. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

36. As described above, Defendant represented to Plaintiff that it would provide compensation to Plaintiff in exchange for his assistance with the Lawsuit.

37. That representation was false when made, and Defendant (to the extent it did not *know* the representation was false and/or make the representation recklessly and without regard for its truth as alleged in the second cause of action) had no reasonable ground for believing it to be true).

38. Defendant intended that Plaintiff rely upon that representation.

39. Plaintiff reasonably relied upon the representation in providing significant amounts of important information to Defendant in support of Defendant's prosecution of the Lawsuit in the absence of a written agreement and/or the provision of compensation in advance.

40. Defendant's misrepresentation was a substantial factor in causing – indeed, it was the sole cause of – the damages suffered by Plaintiff described above.

41. As a consequence of Defendant's misrepresentation, Plaintiff has suffered damages in an amount to be proven at trial, reasonably estimated to be in excess of $75,000.

**PRAYER**

Wherefore, Plaintiff prays judgment against Defendant as follows:

1. for compensatory damages in an amount to be determined at trial;
2. for exemplary damages in an amount to be determined at trial;
3. for prejudgment interest as permitted by law;
4. for postjudgment interest as permitted by law;
5. for costs of suit, including attorneys' fees incurred; and

6.     for such other relief as the Court may deem proper.


Dated: October 7, 2015          Rimon P.C.

By: _____
Richard Mooney
Attorneys for Plaintiff David Heller

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial for all issues triable to a jury.

Dated:  October 7, 2015                              Rimon P.C.

By: _____
Richard Mooney
Attorneys for Plaintiff David Heller