UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HELLER,<br><br>           Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS, INC.,<br><br>           Defendant. | Case No.15-cv-04658 NC<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

Plaintiff David Heller alleges that he provided valuable information to defendant Adobe Systems about alleged copyright infringers, in exchange for Adobe's promise to pay him. When Adobe failed to pay Heller, Heller brought this lawsuit on the basis of breach of contract, quantum meruit, and misrepresentation. Adobe moves to dismiss the complaint, and the Court grants the motion to dismiss with leave to amend.

**I.      BACKGROUND**

According to the complaint, in late 2013, Heller became aware that certain Florida residents (the "Florida Pirates") were in the business of stealing, counterfeiting, and improperly reselling software created by Adobe Systems, Inc ("Adobe"). Dkt. No. 1 at ¶ 9. Heller investigated the information and obtained information about the Florida Pirates including their identities, the methods by which the illegal activities were undertaken, the third parties involved, and other information. Compl. ¶ 10. Heller published a portion of this information in a website blog. Compl. ¶ 11. Subsequently, Heller was contacted by

Case No. 15-cv-04658 NC

1  Christopher Pham, outside counsel for Adobe, and was asked to meet with representatives
2  of Adobe in Florida. Compl. ¶ 11.

3  The meeting included Pham, Heller, and other individuals from Adobe and Pham's
4  firm. Compl. ¶ 12. Heller requested that Adobe provide him with physical protection and
5  compensation for the additional information he was prepared to provide Adobe. Compl. ¶
6  12. An Adobe employee, Michael Draper, agreed. Compl. ¶ 12. Heller provided the
7  information to Adobe. Compl. ¶ 13.

8  Adobe subsequently sued the Florida Pirates in the Southern District of Florida,
9  alleging copyright and trademark claims, alleging that the Florida Pirates made millions of
10 dollars in illegal sales. Compl. ¶ 14. The lawsuit settled. Compl. ¶ 15. Adobe never
11 compensated Heller. Compl. ¶ 16.

12 Heller sues for breach of contract, quantum meruit, intentional misrepresentation,
13 and negligent misrepresentation. Heller is a resident and citizen of Florida. Compl. ¶ 1.
14 Adobe Systems is a company incorporated in Delaware with its principal place of business
15 in San Jose. Compl. ¶ 2. Heller alleges that the amount in controversy exceeds $75,000.
16 Compl. ¶ 3.

17 Adobe moves to dismiss all claims of the complaint. Dkt. No. 12. All parties have
18 consented to magistrate judge jurisdiction. Dkt. Nos. 7, 11.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

Adobe moves to dismiss all claims. The Court addresses (A) federal court jurisdiction; (B) breach of contract; (C) quantum meruit; and (D) intentional and negligent misrepresentation claims.

#### A. Jurisdiction

Generally, federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the action is between citizens of different states. 28 U.S.C. § 1332. "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). The party asserting federal jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377.

Here, Heller has alleged that the amount in controversy is met, but Heller does not allege the value of the underlying promise or the value of the work that Heller did for Adobe. Therefore, the Court cannot determine if federal jurisdiction is proper.

#### B. Breach of Contract

As this is a diversity action, the Court first considers which law applies to the breach of contract claims. "It is well-settled that in diversity cases federal courts must apply the choice-of-law rules of the forum state." *Estate of Darulis v. Garate*, 401 F.3d

Case No.15-cv-04658 NC        3

1060, 1062 (9th Cir. 2005). Under California's choice-of-law rule, California law applies unless a party objects. *Hurtado v. Superior Court*, 11 Cal. 3d 574, 581 (1974); *PlasPro GMBH v. Gens*, No. 09-cv-04302 PSG, 2011 WL 1000755, at *3 (N.D. Cal. Mar. 21, 2011). However, the law of the place of contracting determines the enforcement and validity of the contract. Restatement (First) of Conflict of Laws § 332 (1934). Here, the alleged contract was entered into in Florida; however, both parties apply California law to the claims. The Court will assume that no party has objected to California law and analyze Heller's claims under California law.

Under California law, a breach of contract claim requires plaintiff to prove "the existence of contract, plaintiff's performance of that contract or excuse for failure to perform, defendant's breach, and damage to plaintiff resulting therefrom." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006) (citing 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476 at 570).

Adobe argues that Heller has not alleged that a contract exists because there is no written document, and Heller alleges that Adobe promised to pay him orally, but did not specify what amount. "Contract formation requires mutual consent, which cannot exist unless the parties agree upon the same thing in the same sense." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006); *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 951 (N.D. Cal. 2014). "To be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Bustamante*, 141 Cal. App. 4th at 209; *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1038 (9th Cir. 2011)

As alleged, the complaint sets out that sometime in late 2013, Heller met with Pham and Draper who promised to pay him in exchange for information about the Florida Pirates. The amount of payment was not specified at that time. The complaint does not set forth when Heller was supposed to release this information, to whom, and when Adobe should have paid him, or how much. The parties apparently did not agree on a

compensation range or mechanism to determine compensation in the future. In total, Heller alleges a vague promise, and without more specificity, the Court cannot determine the scope of the duty or an assessment of the damages. This claim is dismissed with leave to amend.

### C. Quantum Meruit

A claim for quantum meruit requires "(1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." *Cedars Sinai Medical Center v. Mid-West National Life Insurance Co.*, 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000). Damages are determined by the "reasonable value of beneficial services." *Maglica v. Maglica*, 66 Cal. App. 4th 442, 450 (1998).

The complaint states that Heller performed substantial work on investigating the Florida Pirates before Adobe requested the information. Heller states that he only seeks recovery of reasonable value of the time that was spent after Adobe explicitly asked Heller to spend the time to provide further information. Dkt. No. 13 at 4. Heller's explanation of what services he performed and their reasonable value are conclusory and vague in the complaint. This claim is dismissed with leave to amend.

### D. Intentional and Negligent Misrepresentation

To plead fraud or mistake under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted).

Under California law, to state a claim for negligent misrepresentation, the plaintiff must allege: (1) a misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on

Case No.15-cv-04658 NC               5

1  the misrepresentation; (4) ignorance of the truth and justifiable reliance on the
2  misrepresentation by the party to whom it was directed; and (5) resulting damage.
3  *Hosseini v. Wells Fargo Bank, N.A.*, No. 13-cv-02066 DMR, 2013 WL 4279632, at *7
4  (N.D. Cal. Aug. 9, 2013).  In addition, Heller must allege the existence of a duty of care
5  owed to him by Adobe.  *Ditto v. McCurdy*, 510 F.3d 1070, 1078 (9th Cir. 2007) (finding
6  that negligent misrepresentation requires the same elements as negligence, including a duty
7  of care).

8  Here, both claims are not sufficiently stated because Heller does not allege a misrepresentation of material fact.  Heller argues that Adobe misrepresented its intent to pay Heller for providing information.  However, Heller does not allege that Adobe made a false representation that it would pay Heller a particular amount of money, that Adobe knew its representation was false, that Adobe intended Heller to rely on the false information, or the specific amount of damages that Heller suffered.  In addition, Heller does not meet the heightened pleading standard for intentional misrepresentation because he does not allege when this meeting took place.  Finally, Heller does not allege a duty of care owed to him by Adobe.  This claim is dismissed with leave to amend.

## IV.  CONCLUSION

Defendant's motion to dismiss the complaint is GRANTED.  The complaint is dismissed with leave to amend.  Heller must move to amend the complaint with the court within 14 days.  In the motion, Heller should demonstrate how the amount in controversy is met, and explain the choice of law for the state law claims.

**IT IS SO ORDERED.**

Dated:  March 29, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No.15-cv-04658 NC            6