UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HELLER,<br><br>           Plaintiff,<br><br>    v.<br><br>ADOBE SYSTEMS, INC.,<br><br>           Defendant. | Case No. 15-cv-04658 NC<br><br>**ORDER DENYING MOTION TO FILE FIRST AMENDED COMPLAINT; DISMISSING CASE**<br><br>Re: Dkt. No. 29 |

Plaintiff David Heller moves to file a first amended complaint after this Court granted defendant Adobe Systems' motion to dismiss the original complaint with leave to amend. Adobe opposes the motion, arguing that the proposed first amended complaint suffers from the same deficiencies as the original complaint.

In his first amended complaint, Heller alleges that he provided valuable information to Adobe about alleged copyright infringers, in exchange for Adobe's promise to compensate him. When Adobe failed to compensate Heller, Heller brought this lawsuit on the basis of breach of contract, quantum meruit, and misrepresentation.

The Court agrees with Adobe that Heller's allegations of an agreement, promise, or representation that Adobe would compensate Heller for his work and information are vague and do not state a plausible claim for relief. Thus, the Court DENIES Heller's motion to amend the complaint.

/

Case No. 15-cv-04658 NC

## I. LEGAL STANDARD

Generally, a Court must grant leave to amend freely. Fed. R. Civ. P. 15(a). However, the Ninth Circuit has set out four factors for the Court to consider when granting leave to amend: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and/or (4) futility of the proposed amendment. *Loehr v. Ventura County Community College District*, 743 F.2d 1310, 1319 (9th Cir. 1984) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Denial of a motion to amend a complaint is proper only when the amendment would be clearly frivolous or unduly prejudicial, would cause undue delay, or if a finding of bad faith is made. *United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of America*, 919 F.2d 1398, 1402 (9th Cir. 1990).

In *Lockheed Martin Corp. v. Network Solutions, Inc.*, the Ninth Circuit determined that the district court properly denied leave to amend because the plaintiff's "legal basis for a cause of action is tenuous, [so] futility supports the refusal to grant leave to amend." 194 F.3d 980, 986 (9th Cir. 1999)(citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). In addition, a Court may also consider whether the plaintiff has previously amended his complaint. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 n.3 (9th Cir.1987). "Where a court has already provided the plaintiff one or more opportunities to amend her complaint, its discretion over further amendments is particularly broad." *Dauth v. Convenience Retailers, LLC*, 13-cv-047 MEJ, 2013 WL 4225587, at *2 (N.D. Cal. July 31, 2013).

## II. DISCUSSION

In the Court's prior order dismissing Heller's complaint, the Court set forth the legal basis for each of Heller's claims and identified the deficiencies in Heller's allegations. The proposed first amended complaint is nearly identical to the original complaint, except that it specifies that Adobe allegedly promised Heller physical protection from the copyright infringers, a house, money for day-to-day expenses, and a job. The Court addresses each cause of action in turn.

### A. Breach of Contract

Under California law, a breach of contract claim requires plaintiff to prove "the existence of contract, plaintiff's performance of that contract or excuse for failure to perform, defendant's breach, and damage to plaintiff resulting therefrom." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006) (citing 4 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 476 at 570).

Adobe argues that Heller has not alleged that a contract exists because there is no written document, and Heller alleges that Adobe promised to pay him orally, but did not specify what amount. "Contract formation requires mutual consent, which cannot exist unless the parties agree upon the same thing in the same sense." *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 208 (2006); *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 951 (N.D. Cal. 2014). "To be enforceable, a promise must be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Bustamante*, 141 Cal. App. 4th at 209; *Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1038 (9th Cir. 2011).

The Court previously found that "the complaint does not set forth when Heller was supposed to release this information, to whom, and when Adobe should have paid him, or how much." Dkt. No. 27 at 4. Heller's new allegations that Adobe promised him protection, a house, money, and a job are still too vague for a Court to determine the scope of the duty Adobe owed to Heller. Heller has twice attempted to articulate the exact bargain he struck with Adobe and twice failed to identify any specific terms of a contract between the parties. Thus, the Court concludes that amendment would be futile, as Heller cannot allege with specificity the scope of the contractual duty he claims.

### B. Quantum Meruit

A claim for quantum meruit requires "(1) that the plaintiff performed certain services for the defendant, (2) their reasonable value, (3) that they were rendered at defendant's request, and (4) that they are unpaid." *Cedars Sinai Medical Center v. Mid-*

Case No. 15-cv-04658 NC          3

*West National Life Insurance Co.*, 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000). Damages are determined by the "reasonable value of beneficial services." *Maglica v. Maglica*, 66 Cal. App. 4th 442, 450 (1998).

The Court previously dismissed this claim because "Heller's explanation of what services he performed and their reasonable value are conclusory and vague in the complaint." Dkt. No. 27 at 5. The first amended complaint provides no further detail as to which services Heller performed for Adobe or their reasonable value. Heller's allegations are vague assertions that Adobe asked him to do some further work, although it is unclear what, and that Heller spent "dozens of hours on investigations." FAC ¶ 18. The complaint fails to allege whether Heller's additional investigation was rendered at defendant's request. The Court finds that amendment would be futile, as Heller cannot allege with specificity the value of the services he rendered and that such services were rendered at Adobe's request.

### C. Intentional and Negligent Misrepresentation

To plead fraud or mistake under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)(citations omitted).

Under California law, to state a claim for negligent misrepresentation, the plaintiff must allege: (1) a misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it to be true; (3) with intent to induce another's reliance on the misrepresentation; (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed; and (5) resulting damage. *Hosseini v. Wells Fargo Bank, N.A.*, No. 13-cv-02066 DMR, 2013 WL 4279632, at *7 (N.D. Cal. Aug. 9, 2013). In addition, Heller must allege the existence of a duty of care

Case No. 15-cv-04658 NC           4

owed to him by Adobe. *Ditto v. McCurdy*, 510 F.3d 1070, 1078 (9th Cir. 2007) (finding that negligent misrepresentation requires the same elements as negligence, including a duty of care).

In the Court's prior order, the Court found that Heller did not allege a duty of care, a misrepresentation of material fact, Adobe's knowledge that the representation was false, or specific damages. The Court finds that the first amended complaint suffers from the same deficiencies.

## III. CONCLUSION

The Court finds that Heller's proposed first amended complaint fails to fix the deficiencies identified by the Court in the original complaint. In addition, because Heller has now twice been unable to allege sufficient facts, and these facts should be in Heller's possession as they are based on his personal experience, the Court concludes that further amendment of the complaint would be futile. The Court DENIES Heller's motion to amend the complaint and DISMISSES the case.

**IT IS SO ORDERED.**

Dated: May 25, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge